1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| NEW YORK LIFE INSURANCE COMPANY, a New York mutual insurance company,<br><br>           Plaintiff-in-Interpleader,<br><br>    v.<br><br>MICHAEL CRAIG POWELL; ALINA DAWN POWELL; JOHN SAMUEL POWELL; JENNIFER RAE GRAVES; STEVEN CRAIG POWELL; TERRICA POWELL; THE ESTATE OF SUSAN POWELL, an absentee person; SUSAN POWELL, or her successors in trust, as Trustee of the Joshua S. Powell and Susan M. Powell Revocable Trust, u/a/d February 4, 2009; CHARLES F. COX; and JUDY COX,<br><br>           Defendants-in-Interpleader. | No.<br><br>**COMPLAINT IN INTERPLEADER** |

COMES NOW plaintiff-in-interpleader, New York Life Insurance Company ("New York Life"), and for its Complaint-in-Interpleader against defendants-in-interpleader states and alleges as follows:

## I. PARTIES

1.    New York Life is a mutual company organized under the laws of the state of New York with its principal place of business in New York, New York. New York Life is authorized to do business in the State of Washington.

COMPLAINT IN INTERPLEADER - 1

021670.0087/5302342.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

2.   Upon information and belief, New York Life alleges defendant-in-interpleader Michael Craig Powell is and was at all times relevant herein an individual residing in Minneapolis, Minnesota.

3.   Upon information and belief, New York Life alleges defendant-in-interpleader Alina Dawn Powell is and was at all times relevant herein an individual residing in Puyallup, Washington.

4.   Upon information and belief, New York Life alleges defendant-in-interpleader John Samuel Powell is and was at all times relevant herein an individual residing in Puyallup, Washington.

5.   Upon information and belief, New York Life alleges defendant-in-interpleader Jennifer Rae Graves is and was at all times relevant herein an individual residing in West Jordan, Utah.  Under Utah intestacy statutes, Jennifer Graves is an heir at law of Joshua Powell.

6.   Upon information and belief, New York Life alleges defendant-in-interpleader Steven Craig Powell is and was at all times relevant herein an individual residing in Puyallup, Washington.

7.   Upon information and belief, New York Life alleges defendant-in-interpleader Terrica Powell is and was at all times relevant herein an individual residing in West Jordan, Utah.  Under Utah intestacy statutes, Terrica Powell is an heir at law of Joshua Powell.

8.   Upon information and belief, New York Life alleges that Susan Powell disappeared from her home in West Valley City, Utah on or about December 7, 2009.  She has been missing since that time.  Susan Powell's whereabouts are unknown to New York Life. New York Life lacks sufficient information to form a belief as to whether a Trustee for Susan Powell's absentee estate has been appointed.  Accordingly, New York Life has named The Estate of Susan Powell, an absentee person, as a defendant-in-interpleader in these proceedings.

9.   Upon information and belief, New York Life alleges defendant-in-interpleader Susan Powell, and/or her successors in trust Michael Powell and Charles Cox, is the Trustee of

COMPLAINT IN INTERPLEADER - 2

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

the Joshua S. Powell and Susan M. Powell Revocable Trust u/a/d February 4, 2009, and any amendments thereto ("Powell Trust").

10.     Upon information and belief, New York Life alleges defendant-in-interpleader Charles F. Cox is and was at all times relevant herein an individual residing in Puyallup, Washington.   Under Washington intestacy statutes, Charles Cox is an heir at law of Susan Powell.

11.     Upon information and belief, New York Life alleges defendant-in-interpleader Judy Cox is and was at all times relevant herein an individual residing in Puyallup, Washington. Under Washington intestacy statutes, Judy Cox is an heir at law of Susan Powell.

12.     Prior to his death, on or about August 2, 2007, Joshua Powell became an insured under a $1,000,000 5-year term life insurance policy, number 48789237.  The insurance policy also included Other Covered Insured Riders of $250,000 each on the lives of Joshua and Susan Powell's two minor children, for a total value of $1,500,000 on policy number 48789237.   The Other Covered Insured Riders contained a conversion privilege, extended by endorsement, to age 55.

13.     Prior to her disappearance, on or about June 28, 2007, Susan Powell became an insured under a $500,000 5-year term life insurance policy number 48789198. The insurance policy also included an Other Covered Insured Rider of $500,000 on the life of Susan Powell, for a total face value on policy number 48789198 of $1,000,000.

14.     This Complaint-in-Interpleader concerns the policy proceeds under both life insurance policies New York Life issued to Joshua Powell and Susan Powell.

## II. JURISDICTION AND VENUE

15.     This is a Complaint-in-Interpleader in which the defendants-in-interpleader are potentially adverse claimants to the proceeds of two life insurance policies issued to Joshua S. Powell and Susan M. Powell, the proceeds of which New York Life seeks to deposit into the Registry of this Court.

COMPLAINT IN INTERPLEADER - 3

021670.0087/5302342.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON  98101-2338
206.223.7000 FAX: 206.223.7107

16.     This Court has jurisdiction over this action as defendants-in-interpleader Alina Powell, John Powell, Steven Powell, Charles Cox and Judy Cox are all residents of this judicial district.  Moreover, a substantial part of the events giving rise to this Complaint-in-Interpleader arose in this judicial district.

17.     Jurisdiction lies with this court pursuant to 28 U.S.C. § 1332 as this is a civil action where the amount in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states.

### III.  CLAIM FOR RELIEF

A.      Policy Number 48789237 – Joshua Powell Primary Insured

18.     On or about August 2, 2007, New York life issued $1,000,000 of 5-year term life insurance to Joshua Powell as the primary insured under policy number 48789237.  At the time the policy was issued, Joshua Powell lived with his wife, Susan Powell, in West Valley City, Utah.

19.     As part of policy number 48789237, New York Life also issued two separate $250,000 term insurance on Other Covered Insured Riders ("Joshua Powell Riders") on the lives of Joshua and Susan Powell's two minor children, B.P. and C.P., for a total of $500,000 in Other Covered Insured Riders on policy number 48789237.

20.     Joshua Powell elected to make monthly premium payments on policy number 48789237 for the 5-year term.

21.     The initial primary beneficiary designation at the time of application for life insurance on the primary insured was to Susan Powell, 100%.

22.     The initial primary beneficiary designation on the Joshua Powell Riders was to Joshua Powell and Susan Powell in equal 50% shares.

23.     On or about February 5, 2009, Joshua Powell changed the beneficiary designation on the primary insured portion of the policy and added the following secondary beneficiary: "Joshua S. Powell and Susan M. Powell, trustees, or their successors in trust, under

COMPLAINT IN INTERPLEADER - 4

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

the Joshua S. Powell and Susan M. Powell Revocable Trust dated February 4, 2009 and any amendments thereto."

24.     Susan Powell disappeared from her home in West Valley City, Utah on or about December 7, 2009.  She has been missing since that time.  The West Valley Police Department considered Joshua Powell a person of interest in Susan Powell's disappearance.

25.     Shortly after his wife's disappearance, Joshua Powell moved to Puyallup, Washington.   He continued to make monthly premium payments under policy number 48789237 while he was residing in Washington State.  Washington is a community property state where a presumption in favor of community property exists.

26.     On or about October 3, 2011, Joshua Powell changed the beneficiary designation on the primary insured portion of his policy to remove Susan Powell as the primary beneficiary and replace her with defendants-in-interpleader Michael Craig Powell and Alina Dawn Powell, brother and sister, in equal shares.  Joshua Powell also changed the secondary beneficiary under the primary insured portion of his policy to defendant-in-interpleader John Samuel Powell, 100%.  Both changes occurred while Joshua Powell resided in Washington.

27.     Also, on or about October 3, 2011, Joshua Powell changed the primary beneficiary designation on the Joshua Powell Riders to Joshua Powell, father, Michael Craig Powell, uncle, and Alina Dawn Powell, aunt, in equal shares.

28.     On or about December 3, 2011, Joshua Powell once again changed the beneficiary designation on the primary insured portion of his policy as follows: primary beneficiaries - 93% to Michael Craig Powell, if living, otherwise to Alina Powell and Steven Powell, father in equal shares, 4% to Alina Powell, sister, if living, otherwise to Michael Powell, brother, 3% to John Samuel Powell, brother.  Joshua Powell also changed the secondary beneficiary on the primary insured portion of his policy to Steven Craig Powell, father, 100%.

COMPLAINT IN INTERPLEADER - 5

LANE POWELL pc
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON  98101-2338
206.223.7000 FAX: 206.223.7107

29.     Also, on or about December 3, 2011, Joshua Powell changed the primary beneficiary designation on the Other Covered insured Riders to Joshua S. Powell, father, if living 15 days after death of insured(s), otherwise to Michael Craig Powell, uncle.

30.     Tragically, on February 5, 2012, B.P. and C.P. were killed in a fire at a residence in Graham, Washington.  Joshua Powell also died in the fire.  In the course of investigating requests to make a claim made under policy number 48789237, New York Life has learned that Joshua Powell is suspected to have willfully and intentionally started the fire for the purpose of killing his children and committing suicide.

31.     On or about February 14, 2012, defendant-in-interpleader Michael Powell contacted New York Life to inquire about the procedures to make a claim on Joshua Powell's policy and to request a claim form for the death benefits payable under the primary insured portion of the policy.

32.     On or about February 14, 2012, defendant-in-interpleader Alina Dawn Powell contacted New York Life to inquire about the procedures to make a claim on Joshua Powell's policy and to request a claim form for the death benefits payable under the primary insured portion of the policy.

33.     To date, no other defendants-in-interpleader have indicated their formal intention to submit claims for death benefits under the subject policies.

**B.      Policy Number 48789198 - Susan Powell Primary Insured**

34.     On or about June 28, 2007, New York Life issued $500,000 of 5-year level term insurance to Susan Powell as the primary insured under policy number 48789198.

35.     The initial primary beneficiary designation at the time of application for life insurance on the primary insured was to Joshua Powell, husband, 100%.  The secondary beneficiary designation was to B.P. and C.P., sons, in equal 50% shares.

36.     On or about May, 14, 2008, New York Life issued a $500,000 other covered insured rider on the life of Susan Powell, for a total value on policy number 48789198 of $1,000,000.

COMPLAINT IN INTERPLEADER - 6

021670.0087/5302342.1

37.    On or about February 5, 2009, Susan Powell changed the beneficiary designation on the policy by replacing B.P. and C.P. with the following secondary beneficiary: "Joshua S. Powell and Susan M. Powell, trustees, or their successors in trust, under the Joshua S. Powell and Susan M. Powell Revocable Trust dated February 4, 2009 and any amendments thereto."

38.    Susan Powell disappeared on or about December 7, 2009, and her whereabouts are unknown to New York Life.  It is unclear whether a Trustee for Susan Powell's absentee estate has been appointed.

39.    Under the intestacy statutes of both Washington and Utah, Susan Powell's heirs at law include defendants-in-interpleader Charles F. Cox and Judy Cox.

C.    **Joshua S. Powell and Susan M. Powell Revocable Trust dated February 4, 2009**

40.    On or about February 4, 2009, Joshua Powell and Susan Powell executed the Powell Trust, whereby the property of Joshua Powell and Susan Powell would be held in trust, managed, and ultimately distributed.

41.    The Powell Trust states that Joshua S. Powell and Susan M. Powell shall serve as the initial Trustees until their respective death, resignation, incapacity, or disqualification. The Powell Trust further provides as follows:

> Upon the death, resignation, incapacity, or disqualification of either Trustee named herein, then the other Trustee shall be appointed to serve individually as the successor Trustee of all of the trusts created hereunder with the same powers and discretions as are conferred upon the Trustee named herein.

42.    Joshua Powell died on February 5, 2012.  Pursuant to the Powell Trust provisions, Susan Powell then became sole Trustee.

43.    The Powell Trust contains the following provision regarding successor trustees:

> Should both Joshua S. Powell and Susan M. Powell decline or for any reason fail to serve, then Charles F. Cox and Michael C. Powell, acting jointly, shall be appointed to serve as the successor Trustee of all of the trusts created hereunder with the same powers and discretions as are conferred upon the Trustee named herein.  Should Charles F. Cox decline or for any reason fail to serve, then Mary L. Estep shall be appointed to serve as the successor Trustee of all of the trusts created hereunder with the same powers and discretions as are conferred upon the Trustee named herein.  Should Michael C. Powell decline or for any reason fail to serve, then Alina D. Powell shall be appointed to serve as the successor

COMPLAINT IN INTERPLEADER - 7

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

021670.0087/5302342.1

Trustee of all of the trusts created hereunder with the same powers and discretions as are conferred upon the Trustee named herein.

44.     The Powell Trust also provides as follows:

...a Co-Trustee or successor Trustee or beneficiary(ies) hereunder may petition the court having jurisdiction over this trust to remove a Trustee and, if there is no other acting Trustee, replace him or her with the successor Trustee.

45.     New York Life is not aware of any action by a successor Trustee to remove Susan Powell as Trustee of the Powell Trust.

46.     On or about February 5, 2009, Joshua Powell and Susan Powell provided a copy of a portion of the Powell Trust to New York Life for the purpose of naming the Powell Trust as a secondary beneficiary under both life insurance policies.

47.     New York Life has been provided with a Declaration of Trust, which includes portions of the Powell Trust attached.  For the reasons described above and because New York Life does not have possession of the entire Powell Trust, out of an abundance of caution New York Life named as defendants-in-interpleader those individuals considered to be interested parties or heirs at law under the laws of Washington and Utah, including Jennifer Graves and Terrica Powell, as heirs at law of Joshua Powell, and Charles and Judy Cox, as heirs at law of Susan Powell.

48.     Susan Powell has been missing since December 7, 2009, and has not been heard from since that date.  New York Life is not aware of any legal proceeding that has been initiated to remove and replace Susan Powell as Trustee of the Powell Trust.

49.     New York Life is not aware of any absentee proceeding that has been initiated in connection with the disappearance of Susan Powell.  Moreover, New York Life is unaware as to whether a Trustee for Susan Powell's absentee estate has been appointed.

**D.     Threat of Multiple and Vexatious Litigation Against New York Life**

50.     New York Life is uncertain as to whom or what are the rightful owner(s) and the proper recipient(s) of the life insurance benefits of $2,500,000 (plus interest) on the insurance policies and children's term riders, of policy numbers 48789237 and 48789198.  The pending and potential claims of the defendants-in-interpleader are such that New York Life cannot

COMPLAINT IN INTERPLEADER - 8

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

021670.0087/5302342.1

determine without hazard to itself which of them, if any, is legally entitled to the policy proceeds without assuming the responsibility of determining doubtful questions of law and fact.

51.     New York Life is uncertain as to whom or what are the rightful owner(s) and the proper recipient(s) of the life insurance benefits of $1,500,000 on policy number 48789237 and the children's term riders.   To date, defendants-in-interpleader Michael Powell and Alina Powell have already requested claim forms for death benefits payable under the policy number 48789237, including the riders of the two deceased minor children.

52.     Washington is a community property state.   Accordingly, Susan Powell may have a community property interest in the insurance policy and proceeds under policy number 48789237 and the children's riders.

53.     In addition, RCW 26.16.030 requires the express or implied consent of a spouse to give away community property.   If Susan Powell had a community property interest in the insurance policy and proceeds, Joshua Powell was prohibited under Washington law from giving those proceeds away without Susan Powell's express or implied consent.

54.     New York Life also alleges that a potential choice of law conflict exists regarding the application of Washington or Utah law to the distribution of insurance proceeds under both policies.

55.     Furthermore, under RCW 11.84.100, insurance proceeds payable to the slayer as the beneficiary or assignee of any policy or certificate of insurance on the life of the decedent, or as the survivor of a joint life policy, shall be paid instead to the estate of the decedent, unless the policy or certificate designate(s) some person other than the slayer or his estate as secondary beneficiary to him and in which case such proceeds shall be paid to such secondary beneficiary in accordance with the applicable terms of the policy.

56.     If Joshua Powell is considered a slayer within the meaning of RCW 11.84.010(1), he is clearly not entitled to the proceeds of either the children's riders or Susan Powell's insurance policy.   However, doubtful questions of law and fact remain regarding whether payment of those insurance proceeds by New York Life to a slayer's siblings and/or

COMPLAINT IN INTERPLEADER - 9

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

021670.0087/5302342.1

father would violate RCW 11.84.100. New York Life has a bona fide fear that such a distribution to Joshua Powell's siblings and father would invite multiple and vexatious litigation from the other defendants-in-interpleader.

57.    Given the timing and number of beneficiary changes Joshua Powell made to policy number 48789237 and the children's riders after Susan Powell's disappearance and shortly before his apparent suicide and murder of his sons, New York Life also has concerns regarding Joshua Powell's competency at the time the beneficiary changes were made.

58.    For the same reasons as set forth above, New York Life is also uncertain as to the proper recipient of the life insurance benefits of $1,000,000 on policy number 48789198.

59.    A number of doubtful issues of law and fact remain regarding policy number 48789198, including whether it is proper for New York Life to distribute life insurance policy proceeds where the policy owner has been missing since December 2009, and if so, who the proper recipients of the proceeds would be.

60.    Susan Powell remains a missing person and is the sole Trustee of the Powell Trust, the secondary beneficiary of policy number 48789198.  Pursuant to the terms of the Powell Trust, Susan Powell remains the sole Trustee of the Powell Trust until the successor trustees petition the court to have her removed.

61.    New York Life should not be required to determine these and other questionable issues of law and fact.  The payment of policy benefits to any of the defendants-in-interpleader would expose New York Life to the threat of multiple and vexatious litigation in the future as well as multiple liability for the same claim.

62.    New York Life does not in any respect collude with any defendants-in-interpleader regarding the matters in this action.  New York Life claims no beneficial interest in the policy benefits and is a mere stakeholder.

63.    New York Life is now and has at all times been ready, willing and able to pay the person or persons legally entitled to the policy benefits, and seeks permission to deposit into

COMPLAINT IN INTERPLEADER - 10

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

the Registry of this Court all sums payable under life insurance policy numbers 48789237 and 48789198.

WHEREFORE, plaintiff-in-interpleader prays for judgment as follows:

1.     That the aforesaid life insurance proceeds accepted into the Registry of this Court be held in an interest-bearing account for future disbursement according to the judgment of this Court;

2.     That the Court adjudicates the correct payee(s) for benefits due under life insurance policy numbers 48789237 and 48789198;

3.     That the defendants-in-interpleader be required to assert their respective claims to the benefits paid into the Registry of the Court and to settle between themselves their rights or claims to the aforesaid benefits;

4.     That the Court issue an order of injunction enjoining and restraining said defendants-in-interpleader, their agents, attorneys or assigns from instituting or prosecuting any suit or proceeding against New York Life on account of the aforesaid policy proceeds and that in due course said order of injunction be made permanent;

5.     That an award be made to New York Life out of the funds deposited into the Registry of this Court, to pay for the costs, attorneys' fees and other expenses which New York Life is compelled to expend in the prosecution of this suit;

6.     That New York Life is discharged from all further liability and that the Court adjudicate to whom the Clerk of this Court should disburse the aforesaid funds; and

7.     That New York Life be granted such other and further relief as the Court determines to be proper in the premises.

COMPLAINT IN INTERPLEADER - 11

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

021670.0087/5302342.1

1    DATED: March 2, 2012

2                                              LANE POWELL PC

3

4                                              By
                                                  Tim D. Wackerbarth, WSBA No. 13673
5                                                 Joseph P. Corr, WSBA No. 36584
                                               Attorneys for Plaintiff-In-Interpleader New York
6                                              Life Insurance Company, a New York Mutual
                                               Insurance Company
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

COMPLAINT IN INTERPLEADER - 12