HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| NEW YORK LIFE INSURANCE CO., a New York mutual insurance company,<br><br>                  Plaintiff,<br><br>   v.<br><br>MICHAEL CRAIG POWELL, et al.,<br><br>                  Defendants. | No. 12-cv-5184-RBL<br><br>ORDER<br><br>(Dkt. #30, 33, 46, 47) |

In December 2009, Susan Powell disappeared from her Utah home and has not been seen since. In February 2012, her husband, Joshua Powell, apparently set fire to his house, killing his children and himself. Following these sad events, New York Life Insurance Company filed this interpleader action to determine the rightful beneficiaries of the Powells' life insurance policies. New York Life has moved to deposit the proceeds of those policies into the Court's registry, to dismiss Defendants' counterclaims, for a discharge of liability, and for attorney's fees and costs. Additionally, Michael Powell has moved for summary judgment, requesting that the Court declare him entitled to the proceeds of Joshua Powell's policy.

## I.    BACKGROUND

New York Life issued two policies to Joshua and Susan Powell worth $2.5 million. The first policy, no. 48789237, covered Joshua Powell, listing Susan as the primary beneficiary. (Wackerbarth Decl., Ex. A, Dkt. #31-1.) The policy contained riders for each of the couple's children, B.P. and C.P., totaling $500,000 and listing the parents as beneficiaries. (*Id.*) Between

Order - 1

February 2009 and December 2011, Joshua Powell made seven changes to the beneficiaries listed in the policy. (Pl.'s Mot. to Dismiss at 3, Dkt. #30.) In the final changes, Joshua listed Michael Powell, his brother, as a 93% beneficiary on the primary policy (as opposed to the riders), Alina Powell, his sister, as a 4% beneficiary, and John Powell, his brother, as a 3% beneficiary. (*Id.*) Joshua also listed himself as the primary beneficiary of the riders, and Michael Powell as the secondary beneficiary. (*Id.*)

The second policy, no. 48789198, covered Susan Powell, listing Joshua as the primary beneficiary and the children as secondary beneficiaries. (Wackerbarth Decl., Ex. G, Dkt. # 30-7.) Susan later changed the secondary beneficiary to a trust they had established—the Joshua S. Powell and Susan M. Powell Revocable Trust. In the absence of Susan and Joshua, the Trust is to be governed jointly by Charles Cox and Michael Powell as co-trustees. (*Id.*, Ex. I.) New York Life states that it is unaware whether Charles Cox and Michael Powell have been appointed trustees, given that Susan's whereabouts are unknown.

As noted above, Susan Powell has been missing since December 7, 2009, and Joshua Powell apparently killed himself and his children in a fire on February 5, 2012. Shortly after the fire, Michael and Alina Powell filed claims on Joshua Powell's policy, arguing that they are entitled to the proceeds under the express terms. (Wackerbarth Decl., Ex. K.)

On March 3, 2012, New York Life filed this interpleader action. (Compl., Dkt. #1.) On June 3, 2012, counsel for Charles and Judy Cox, Susan's parents and the adminstrators of her Estate, advised New York Life that they were seeking the benefits of both policies in full. (Wackerbarth Decl., Ex. L.)

New York Life argues that this interpleader action is appropriate because "each side takes the position that they are indisputably entitled to [the] policy proceeds." (Pl.'s Reply at 2, Dkt. #45.) The Powells and the Coxes both argue that the action was unjustified.

## II.  DISCUSSION

Under Federal Rule 22, "[p]ersons with claims that may expose a plaintiff to double or multiple liability may be joined as defendants and required to interplead." Fed. R. Civ. P. 22(a)(1). The Ninth Circuit has held that "[i]nterpleader is proper when a stakeholder has at least

a good faith belief that there are conflicting colorable claims." *Michelman v. Lincoln Nat'l Life Ins. Co.*, 685 F.3d 887, 889 (9th Cir. 2012). To deter misuse of the interpleader procedure, courts "may impose the costs of suit on a stakeholder who interpleads in bad faith." *Id.* at 894 (citations omitted). Further, a party may initiate an interpleader "even if some or all of the claims against the stake are prospective." 4 Moore's Federal Practice, *Interpleader* § 22.03[1][e] (2012); *see also Michelman*, 685 F.3d at 894 (holding "that in order to avail itself of the interpleader remedy, a stakeholder must have a good faith belief that there ***are or may be*** colorable competing claims to the stake") (emphasis added). Moreover, the Ninth Circuit has emphasized that this "is not an onerous requirement." *Michelman*, 685 F.3d at 894. The "threshold to establish good faith is necessarily low so as not to conflict with interpleader's pragmatic purpose, which is 'for the stakeholder to protect itself against the problems posed by multiple claimants to a single fund.'" *Id.* (quoting *Mack v. Kuckenmeister*, 619 F.3d 1010, 1024 (9th Cir. 2010)). A stakeholder "need not sort out the merits of conflicting claims as a prerequisite," but "good faith requires a real and reasonable fear of exposure to double liability or the vexation of conflicting claims." *Id.* (citing *Union Centr. Life Ins. Co. v. Hamilton Steel Products*, 448 F.2d 501, 504 (7th Cir. 1971)). Thus, a stakeholder need establish only that an adverse claim meet a "minimal threshold level of substantiality." *Id.* at 895.

**A. Basis for Interpleader**

The Powells argue that the "interpleader action was not justified," (Powell Resp. at 3, Dkt. #33), and that New York Life has breached the insurance contract by failing to pay Michael Powell (Powell Ans. ¶ VIII, Dkt. #27). Similarly, the Coxes assert that New York Life breached the policies, as well as its duty to investigate the claims, by filing this suit prematurely. (*See* Cox Ans. 13–14, Dkt. #34). The Court must conclude that New York Life correctly foresaw the current dispute and properly filed this action.

Both parties lay claim to the proceeds of Joshua Powell's policy. The Coxes argue that Michael Powell should be denied the proceeds of the children's riders if Joshua Powell is considered a "slayer" within the meaning of Wash. Rev. Code § 11.84.010(1). (Cox Ans. at 7, Dkt. #34). Further, the Coxes argue that Joshua improperly removed Susan from the policies and

used her separate property to pay the premiums. (*Id.*) Michael Powell argues that the plain language of the policy compels New York Life to pay the proceeds of Joshua Powell's policy to him. (Powell Resp. at 6, Dkt. #33.) Given the multiple grounds for the Powells' and the Coxes' adverse claims—the effects of Washington's slayer statute, Joshua Powell's conduct in removing Susan Powell from the policy, and the uncertainty regarding the trustees of the Powell Revocable Trust—the Court has no trouble concluding that New York Life had a good faith belief that colorable claims exist to the $2.5 million stake. It is precisely this type of case for which the interpleader action was designed. As such, New York Life's motion to deposit funds into the court registry is granted.

### B.  Counterclaims Against New York Life

Both Michael Powell and the Coxes have presented counterclaims against New York Life, which the insurer seeks to dismiss.

Dismissal under Rule 12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A complaint must allege facts to state a claim for relief that is plausible on its face. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although the Court must accept as true a complaint's well-pled facts, conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper Rule 12(b)(6) motion. *Vasquez v. L.A. County*, 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

Michael Powell has asserted claims for breach of contract and declaratory relief. (Powell Ans. at 3, Dkt. #27.) He argues that "New York Life has failed to establish any basis for refusing to pay the [proceeds] in accordance with the terms of the policy." (*Id.* at 4–5.) But, as noted above, New York Life has a reasonable good-faith belief that payment to Michael Powell would subject it to suit from the Cox Defendants. New York Life has not disputed that it must pay the policies' proceeds; it asks only that the Court determine the proper legal

beneficiary. Given that position, Michael Powell's counterclaim for breach of contract against New York Life has no basis and is dismissed.

Although framed differently, the Coxes' counterclaims against New York Life arise from the same complaint—that the insurer prematurely filed this action. The Coxes argue that New York Life "had the obligation to conduct a reasonable investigation of the claim, including fact gathering, documentation of the investigation, determining relevant facts, determining whether and what payment or other benefits were owing . . . , and communicating to the claimants the results of its investigation." (Cox Resp. at 2, Dkt. #35.) Indeed, the Coxes note that Washington regulations require insurers to conduct reasonable investigations of claims: "Refusing to pay claims without conducting a reasonable investigation" is an "unfair or deceptive practice." Wash. Admin. Code § 284-30-330(4). But New York Life has not refused to pay the claims. To the contrary, it is attempting to pay the claims—but only the Court has the power to resolve the legal questions at hand. Further, it is unclear what exactly the Coxes intend New York Life to investigate. Neither party has suggested that New York Life should repeat the police investigation into Susan Powell's disappearance, the deaths of Joshua and the children, or any other specific factual question. The parties' briefing appears to present only legal questions, the type that New York Life cannot resolve without subjecting itself to suit.

The Coxes cite *Coventry Associates v. American States Insurance Company*, 136 Wash. 2d 269 (1998), in support of their argument. (Cox Resp. at 6, Dkt. #35.) In *Coventry*, an insurer refused to cover damage to a construction site caused by a mudslide after its adjuster performed only a brief, and incorrect, assessment. *Coventry*, 136 Wash. 2d at 274. The insurer conceded that it performed a bad-faith investigation, but argued that it was not liable because it properly denied coverage under an exclusion for weather-related damage. *Id.* at 275. The Washington Supreme Court held that the insurer violated its duty of good faith and fair dealing by its deficient investigation—even though the ultimate denial of coverage was correct. *Id.* at 285. But *Coventry* is unhelpful for a number of reasons. First, the case does not involve the appropriateness of an insurer filing an interpleader. Second, the court noted that an insurer was required "to conduct ***any necessary investigation*** in a timely fashion and to conduct a reasonable

investigation before denying coverage." *Id.* at 281 (emphasis added) (quoting 1 Allan D. Windt, *Insurance Claims & Disputes: Representation of Insurance Companies & Insureds* § 2.05, at 38 (3d ed. 1995)).  The Coxes fail to plead what facts or issues New York Life is meant to determine.  Third, unlike here, the insurer in *Coventry* caused harm by its failure to investigate.  The insured was forced to hire "geotechnical and civil engineers to review the facts and circumstances surrounding the incident" and hire "insurances experts to determine if coverage was denied in bad faith." *Id.* at 283.  The Coxes have not pled any damages arising from New York Life's alleged failure to investigate.  (*See* Cox Ans. ¶¶ 8–10, Dkt. #34.)

The counterclaims against New York Life are dismissed.

**C.  Leave to Amend**

The Coxes seek leave to amend their counterclaims against New York Life.  (Cox Resp. at 14, Dkt. #61.)  They argue that the insurer was aware that Susan Powell was missing at the time Joshua Powell removed her as a beneficiary, and she could not therefore have consented to any changes.

Leave to amend shall be freely given when justice so requires. Fed. R. Civ. P. 15(a). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962).  On a 12(b)(6) motion, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe v. N. Cal. Collection Serv.*, 911 F.2d 242, 247 (9th Cir. 1990).  However, where the facts are not in dispute, and the sole issue is whether there is liability as a matter of substantive law, the court may deny leave to amend. *Albrecht v. Lund*, 845 F.2d 193, 195–96 (9th Cir. 1988).

The Coxes' motion to amend their counterclaims is granted.  New York Life will be free to renew their motion to dismiss if they so choose.

### D.  Discharge of Liability and Attorney's Fees

New York Life has moved for a discharge of liability and attorney's fees.  Given that the Coxes seek to amend their counterclaims, resolution of these issues is premature.  New York Life may address discharge and attorney's fees again following the Coxes' amendment.

### E.  Motion to Strike

Michael Powell's motion to strike is denied.

### F.  Motion for Summary Judgment

In his response to New York Life's motion for leave, Michael Powell requests summary judgment.  (Powell Resp., Dkt. #33.)  Apart from the fact that the motion is not properly noted, the discussion above should make clear that genuine issues of material fact exist, and Mr. Powell has not shown that he is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56.  The motion is denied.

### III.  CONCLUSION

For the foregoing reasons, New York Life's motion to deposit funds into the Court's registry and to dismiss the existing counterclaims is **GRANTED**.  (Dkt. #30.)  The motions to discharge liability and for attorney's fees are **DENIED** at this time.  (Dkt. #30.)  New York Life's companion motion to dismiss (Dkt. #46) is **GRANTED**.  Michael Powell's motions to strike (Dkt. #47) and for summary judgment (Dkt. #33) are **DENIED**.

Dated this 12th day of October 2012.

Ronald B. Leighton
United States District Judge