HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| NEW YORK LIFE INSURANCE COMPANY, | CASE NO. C12-5184 RBL |
|---|---|
| Plaintiff, | ORDER GRANTING CHARLES COX'S MOTION FOR PARTIAL SUMMARY JUDGEMENT |
| v. | (DKT. #134) |
| ESTATE OF MICHAEL CRAIG POWELL, et al., | |
| Defendants. | |

THIS MATTER is before the Court on Charles Cox's Motion for Partial Summary Judgment. [Dkt. #134]. In 2002, Joshua Powell bought a term life policy from Beneficial Life Insurance Company. Joshua named his wife, Susan Powell, the primary beneficiary, and "The Joshua S. Powell and Susan M. Powell Revocable Trust" the contingent beneficiary.

In 2009, Susan disappeared. Her whereabouts are still unknown. Susan's parents, Charles and Judy Cox, have publicly stated that they believe Joshua murdered Susan. In 2012, Joshua set fire to his house, killing himself and his sons. In the year since that tragedy, Susan's parents have been engaged in a highly publicized, highly contentious dispute with Joshua's parents, Steven and Terrica Powell, and his siblings, Michael, Alina, and John Powell, over how to divide up Joshua's life insurance proceeds. Charles Cox asks the Court to determine as a

ORDER GRANTING CHARLES COX'S MOTION
FOR PARTIAL SUMMARY JUDGEMENT - 1

matter of law that (1) Susan is entitled to the proceeds from Joshua's Beneficial Life policy because she is presumed to be alive and is therefore still the primary beneficiary of the policy and (2) Cox, as Conservator of Susan's estate, is entitled to recover all proceeds awarded to Susan.

## I. BACKGROUND

On July 19, 2002, Joshua purchased a $500,000 term life insurance policy from Beneficial Life. Joshua named Susan the primary beneficiary[1]. On February 5, 2009, Joshua named the Trust the contingent beneficiary. Joshua and Susan both had authority to amend the Trust, and, with court approval, a Conservator could act on either of their behalves.

On or around December 6, 2009, Susan went missing from her home in West Valley, Utah. Cox and his wife have announced publicly that they believe Joshua murdered her and that Joshua's brother, Michael, helped hide Susan's body. The Powell family has repeatedly denied this allegation, claiming that Susan is still alive and ran off with another man. Two weeks after Susan disappeared, Joshua moved to Washington. On February 5, 2012, Joshua killed himself and his sons by setting his house on fire.

The Cox family and the Powell family[2] both claimed the proceeds from Joshua's Beneficial Life policy. The Court allowed Beneficial Life to interplead the proceeds. On June 15, 2012, Beneficial Life deposited $514,345.37, the full benefit payable under Joshua's Beneficial Life policy, into the Court Registry.

---

[1] Joshua had another policy issued by the New York Life Insurance Company. The suit over that policy was consolidated with this case on July 25, 2013 [Dkt #132]. Susan was originally named the primary beneficiary of that policy as well, but after she disappeared, Joshua removed her and named his siblings the primary beneficiaries. The Court awarded half of that policy to the Coxes and half to the Powells because the policy had been purchased and paid for by Joshua and Susan jointly, which meant it was community property.

[2] Beneficial sued all parties claiming an interest in the policy proceeds. Michael Powell, Joshua's brother, was a party until he killed himself in February 2013. His Estate has been substituted as a party. [Dkt. #90].

1   On January 16, 2013, a Utah district court declared Susan "missing" and named Cox the
2   Conservator of her estate. [Dkt. #48 in cause no. 3:12-cv-05526]. On January 30, 2013, the
3   same Utah court issued an order allowing Cox "to act with all powers retained by the Grantor of
4   [the Trust]." [Dkt. #1 in cause no. 3:12-cv-05526]. On May 10, 2013, Cox removed all
5   members of the Powell family as beneficiaries of the Trust.

6   In May 2013, the West Valley Police closed their investigation of Susan's disappearance.
7   They concluded that she was missing, but could not determine whether she was alive or dead and
8   did not charge anyone with murder, kidnapping, or any other crime related to her disappearance.
9   The police released a 30,000 page report detailing their investigation.

10  On June 6, 2013, Cox filed this motion arguing that (1) Susan is entitled to all proceeds
11  from Joshua's Beneficial Life policy as a matter of law because she is presumed alive and is
12  therefore still the policy's primary beneficiary and (2) Cox is entitled to recover all proceeds
13  awarded to Susan as a matter of law[3]. The Powells argue that (1) Cox cannot claim Susan is
14  alive when he previously claimed she was dead and (2) ruling on Cox's motion should be
15  delayed until the Powells' attorneys have had time to fully examine the Report[4].

## II. DISCUSSION

### A. Summary Judgment Standard.

Summary judgment is appropriate if the facts, when viewed in the light most favorable to the nonmoving party, show there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party bears the

---

[3] Cox also claims that the Powells do not have standing to oppose his motion. [Dkt. #55 in cause no. 3:12-cv-05526RBL]. However, because this Order grants Cox's motion on the merits, this issue is not addressed.

[4] The Powells also argue that they have standing to challenge this motion. Cox moves to strike that argument. Cox's motion is denied. [Dkt. #59 in cause no. 3:12-cv-05526RBL].

burden of demonstrating the absence of genuine issue of material fact, or asserting an absence of evidence supporting an essential element of the non-moving party's claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In opposing a motion for summary judgment, the non-moving party may not rely on its own pleadings, but rather must set forth facts that show the existence of a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).

**B.     Susan is presumed to be alive.**

Cox's Motion is based on his accurate claim that, under Utah law, Susan is presumed to be alive because she has been missing less than five years, and the police have not found proof that she is dead:

> [A]n individual…who is absent for a continuous period of five years, during which the individual has not been heard from and whose absence is not satisfactorily explained after diligent search or inquiry is presumed to be dead. The individual's death is presumed to have occurred at the end of the period unless there is sufficient evidence for determining that death occurred earlier.

UUPC § 75-1-107(1)(e). He also argues that Susan should be considered alive because a Utah court declared her missing, rather than dead. Cox argues that since Susan is still presumed to be alive, she is still the primary beneficiary of Joshua's Beneficial Life policy.

The Powells' primary argument is that Cox cannot now claim Susan is alive because he is on record saying that Joshua killed her years ago. [Dkt. #50 in cause no. 3:12-cv-05526]. While there is no legal or logical support for this claim—the legal claim that Susan is presumed to be alive is based on Utah law, not on her father's subjective beliefs—it is equally true that the Powell family has consistently claimed that Susan is not dead, but now claim the insurance proceeds by arguing that she is.

The Powells' second argument is that their attorneys need additional time to examine the Report because it may contain evidence of a material issue of fact as to whether Susan is alive. *Id.* They point out that the Report was released just a few days before Cox filed his motion and

argue that neither party has had sufficient time to examine the 30,000 page document. The Powells do not ask for any specific amount of time to search, but they concede that Susan will be presumed dead on December 6, 2014 if no evidence of her death has been found by that date. [Dkt. #48 in cause no. 3:12-cv-05526]. This argument fails for two reasons.

First, the Powells did not have only a few days to investigate Susan's disappearance; they had more than three years. The Powells claim they have been searching for evidence that would vindicate Joshua (who, as they point out, the Coxes have repeatedly accused of murdering Susan) since Susan went missing. In their three plus year investigation, the Powells have not confirmed that Susan is alive. There is virtually no chance that giving the Powells fifteen additional months to search will yield significant information regarding when or how she died. It is certain that they will not find that information in the Report, since the police have already told the press the Report does not answer those questions. The Powell's best case scenario is that they would somehow uncover persuasive evidence in the Report (evidence the police missed) that Susan was in fact murdered by Joshua, or perhaps that she died in some other fashion that no one has yet considered.

Second, the Powells greatly exaggerate the importance of having additional time to read and digest the Report. According to West Valley City Manager Wayne Pyle, the West Valley Police did not find proof that Susan is dead and their investigation is over; they are unlikely to find new evidence. [Dkt. #40 in cause no. 3:12-cv-05526RBL]. Unless the Powells believe they are more capable of investigating Susan's disappearance than the West Valley Police (which seems unlikely given the fruitlessness of their quest to vindicate Joshua), delaying a ruling is pointless.

Indeed, doing so would be "a significant waste of resources, time and expense." [Dkt. #55 in cause no. 3:12-cv-05526RBL]. Susan has been missing less than five years and the police closed their investigation without finding proof that she is dead. Therefore, Susan is still presumed to be alive, and is entitled to the proceeds from Joshua's Beneficial Life policy.

### C. Cox is entitled as a matter of law to recover policy proceeds awarded to Susan.

This Court has already ruled that Cox was properly appointed Conservator of Susan's estate, and the Powells do not strenuously dispute that, if she is entitled to the policy proceeds, he is entitled to recover them as her Conservator.

### III. CONCLUSION

Cox's motion to award Susan Powell all proceeds of Joshua's Beneficial Life insurance policy is **GRANTED**. Cox's request to recover the benefits on Susan's behalf is **GRANTED.**

**IT IS SO ORDERED.**

Dated this 18th day of September, 2013.

*/s/ Ronald B. Leighton*
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE